IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

TIMOTHY UROVAK,

    Petitioner,

v.

EARL HOUSER,

    Respondent.

Case No. 3:22-cv-00184-SLG

## ORDER OF DISMISSAL

On August 15, 2022, Petitioner Timothy Urovak, a self-represented prisoner, filed a Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus.[1] On August 23, Mr. Urovak filed a civil cover sheet and a signed and dated signature page for his Petition.[2] On September 20, 2022, Mr. Urovak filed additional related documents that included additional briefing and exhibits on international treaties involving Alaska territory.[3]

Mr. Urovak seeks federal habeas relief based on a challenge to the State of Alaska's criminal jurisdiction in his pending state criminal proceeding.[4] Mr. Urovak alleges that as an Alaskan Native and member of a federally recognized

---

[1] Docket 1.

[2] Dockets 2–3.

[3] Docket 4.

[4] Docket 1 at 1.

tribe, only a tribal court or federal court have jurisdiction to prosecute him.[5] Mr. Urovak also alleges that his public defender will not make motions on his behalf and is denying him access to discovery.[6] Mr. Urovak is "trying to confront systemic racism, and discrimination, and facial classification, and lastly hate crimes committed against Alaskan Natives by the State of Alaska Court System."[7] For relief, he requests to be released from custody.[8]

The Court takes judicial notice of Mr. Urovak's pending criminal cases, where he is a pretrial detainee in *State of Alaska v. Timothy Urovak*, Case No. 3PA-21-00494CR and charged with a Probation/Parole Violation in *State of Alaska v. George Urovak, Jr.* (a/k/a Timothy Urovak, a/k/a George T. Urovak), Case No. 4BE-03-00762CR.[9]

## SCREENING REQUIREMENT

28 U.S.C. § 2241 provides federal courts with general habeas corpus jurisdiction.[10] A petitioner may properly challenge pretrial detention under 28

---

[5] Docket 1 at 1.

[6] Docket 1 at 2.

[7] Docket 1 at 3–4.

[8] Docket 1 at 4.

[9] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Judicial Notice*, Black's Law Dictionary (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice." (internal quotation marks and citation omitted)).

[10] *Rasul v. Bush*, 542 U.S. 466, 473 (2004).

Case No. 3:22-cv-00184-SLG, *Urovak v. Houser*
Order of Dismissal
Page 2 of 10
Case 3:22-cv-00184-SLG   Document 5   Filed 10/04/22   Page 2 of 10

U.S.C. § 2241.[11]  A court must "promptly examine" a habeas petition.[12]  "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion."[13]

## DISCUSSION

A writ of habeas corpus allows an individual to test the legality of being detained or held in custody by the government.[14]  The writ is "a vital 'instrument for the protection of individual liberty' against government power."[15]  Under 28 U.S.C. § 2241, this Court may grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States."[16]  28 U.S.C. § 2241 is the proper avenue for a state prisoner who seeks to challenge his state custody when there is no state judgment, such as here, where Mr. Urovak is challenging his pretrial detention.[17]

Upon screening, it plainly appears that Mr. Urovak is not entitled to habeas relief pursuant to § 2241 because the doctrine of *Younger* abstention compels the

---

[11] *See Stow v. Murashige,* 389 F.3d 880, 885-88 (9th Cir. 2004).

[12] Rule 4(b), Rules Governing Section 2254 Proceedings for the United States District Courts.

[13] *Id.*

[14] *Rasul*, 542 U.S. at 473–74.

[15] *Gage v. Chappell*, 793 F.3d 1159, 1167 (9th Cir. 2015) (quoting *Boumediene v. Bush*, 553 U.S. 723, 743 (2008)).

[16] 28 U.S.C. § 2241(c)(3).

[17] *Stow*, 389 F.3d at 886 ("By contrast, the general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment—for example, a defendant in pre-trial detention or awaiting extradition.") (quoting

Case No. 3:22-cv-00184-SLG, *Urovak v. Houser*
Order of Dismissal
Page 3 of 10
Case 3:22-cv-00184-SLG   Document 5   Filed 10/04/22   Page 3 of 10

Court to abstain from exercising jurisdiction over his current petition. *Younger* abstention, first announced by the U.S. Supreme Court in *Younger v. Harris*,[18] requires that "[w]hen there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."[19] *Younger* abstention applies when the following four requirements are met:

> (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.[20]

If a case satisfies these four factors, a federal court must abstain from exercising jurisdiction over it unless there is "a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate."[21]

The Ninth Circuit has recognized an "irreparable harm" exception to *Younger* abstention that applies "under extraordinary circumstances where the danger of irreparable loss is both great and immediate."[22] Under the irreparable harm exception, *Younger* abstention

> does not "require[] a district court to abstain from hearing a petition for a writ of habeas corpus challenging the conditions of pretrial detention

---

*White v. Lambert,* 370 F.3d 1002, 1006 (9th Cir. 2004)).

[18] 401 U.S. 37 (1971).

[19] *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013).

[20] *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021) (quoting *Page v. King*, 932 F.3d 898, 901–02 (9th Cir. 2019)).

[21] *Id.* (quoting *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018)).

[22] *Id.* (quoting *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir. 1987)).

Case No. 3:22-cv-00184-SLG, *Urovak v. Houser*
Order of Dismissal
Page 4 of 10
Case 3:22-cv-00184-SLG   Document 5   Filed 10/04/22   Page 4 of 10

> in state court" where (1) the procedure challenged in the petition is distinct from the underlying criminal prosecution and the challenge would not interfere with the prosecution, or (2) full vindication of the petitioner's pretrial rights requires intervention before trial.[23]

The Ninth Circuit has applied this exception to a pretrial detainee's "colorable claim that a state prosecution [would] violate the Double Jeopardy Clause,"[24] to "a challenge to pretrial detention on the basis of a stale and scientifically invalid probable cause determination,"[25] to "a pretrial detainee's claim that he had been incarcerated for over six months without a constitutionally adequate bail hearing,"[26] and to a pretrial detainee's challenge of "forcible administration of antipsychotic medications."[27] But the Ninth Circuit has not applied this exception to pre-conviction habeas petitions that "seek[] to vindicate a petitioner's speedy trial affirmative defense."[28] Nor, as far as the Court's research has discovered, has the Ninth Circuit ever applied the exception to a pretrial habeas petition challenging a state court's criminal jurisdiction.

Mr. Urovak's petition satisfies the four *Younger* abstention requirements. First, Mr. Urovak's pending criminal case is an ongoing state proceeding. Second,

---

[23] *Page*, 932 F.3d at 903 (alteration in original) (quoting *Arevalo*, 882 F.3d at 764).

[24] *Bean*, 986 F.3d at 1133–34 (quoting *Dominguez v. Kernan*, 906 F.3d 1127, 1131 n.5 (9th Cir. 2018)).

[25] *Id.* at 1134 (citing *Page*, 932 F.3d at 904).

[26] *Id.* (citing *Arevalo*, 882 F.3d at 766–67).

[27] *Id.* at 1134–36.

[28] *Id.* at 1134 (citing *Brown v. Ahern*, 676 F.3d 899, 900 (9th Cir. 2012); *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980)).

Case No. 3:22-cv-00184-SLG, *Urovak v. Houser*
Order of Dismissal
Page 5 of 10
Case 3:22-cv-00184-SLG   Document 5   Filed 10/04/22   Page 5 of 10

the Court takes judicial notice of the fact that in his pending case, Mr. Urovak has been charged with Assault in the Second Degree, a Class B Felony; three counts of Assault in the Third Degree, Class C Felonies; Assault in the Fourth Degree, a Class A Misdemeanor; and Failure to Register as a Sex Offender, a Class A Misdemeanor.[29] The State of Alaska has an important interest in prosecuting violent crimes and enforcing sex offender registration requirements.[30] Third, Mr. Urovak has an adequate opportunity to raise his jurisdictional challenge in the pending state case. Mr. Urovak has identified no procedural bars that might prevent him from raising his arguments in the state proceeding.[31] Fourth, Mr. Urovak's petition seeks his immediate release in the ongoing proceedings.[32] If granted, such relief would "ha[ve] the practical effect of enjoining" the state's proceedings.[33] Thus, Mr. Urovak's petition meets the four requirements for *Younger* abstention.

Beyond the *Younger* abstention doctrine, which controls in this case, the Court will briefly address the prevailing intersection of state, tribal, and federal

---

[29] *State v. Urovak*, Case No. 3PA-21-00494CR, Party Charge Information.

[30] *Cf. Bean*, 986 F.3d at 1133 ("[T]he state has an important interest in prosecuting a murder case . . . .").

[31] *See Commc'ns Telesystems Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999) (explaining that satisfying the "adequate opportunity" prong of *Younger* "requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings").

[32] Docket 1 at 4.

[33] *Bean*, 986 F.3d at 1133 (quoting *Page*, 932 F.3d at 902).

Case No. 3:22-cv-00184-SLG, *Urovak v. Houser*
Order of Dismissal
Page 6 of 10
Case 3:22-cv-00184-SLG   Document 5   Filed 10/04/22   Page 6 of 10

jurisdiction in criminal matters. Alaska is subject to Public Law 280.[34] With Public Law 280, Congress expressly granted six states, including Alaska, concurrent state jurisdiction with tribes over criminal matters within: "all Indian country within the State, except that on Annette Islands, the Metlakatla Indian community may exercise jurisdiction over offenses committed by Indians in the same manner in which such jurisdiction may be exercised by Indian tribes in Indian country over which State jurisdiction has not been extended."[35] As the Ninth Circuit has made clear, "Public Law 280 was designed not to supplant tribal institutions, but to supplement them."[36] Mr. Urovak appears to argue that as a tribal member he may not be prosecuted by the State of Alaska under state law no matter where the offense occurred.[37] This argument has been raised and rejected by the Alaska Court of Appeals, which held that the State's criminal laws fully apply to Alaskan Natives under Public Law 280.[38] Moreover the Alaska Court of Appeals has also clarified that the "legislature has authorized the superior court to exercise original jurisdiction in all criminal matters, and this jurisdiction extends to the whole of Alaska."[39]

---

[34] 18 U.S.C. § 1162(a) (Pub. L. 280, codified).

[35] *Id.*

[36] *Native Village of Venetie I.R.A. Council v. State of Alaska*, 944 F.2d 548 (9th Cir. 1991).

[37] *See* Docket 1.

[38] *Harrison v. State*, 784 P.2d 681, 682–83 (Alaska Ct. App. 1989).

[39] *Bourdon v. State*, 370 P.3d 1116, 1118 (Alaska Ct. App. 2006) (rejecting Defendant's argument that as a Native Alaskan sovereign citizen the Superior Court of Alaska lacked jurisdiction over

Case No. 3:22-cv-00184-SLG, *Urovak v. Houser*
Order of Dismissal
Page 7 of 10
Case 3:22-cv-00184-SLG   Document 5   Filed 10/04/22   Page 7 of 10

In support of his argument, Mr. Urovak provides a newspaper article discussing the United States Supreme Court decision *McGirt v. Oklahoma*.[40] However, *McGirt* is inapposite. In McGirt, the United States Supreme Court reversed the state court conviction of an member of the Seminole Nation, who committed three serious sexual crimes on reservation land against a tribal member.[41] The core of that case addressed whether McGirt's crimes were committed on reservation land, and therefore, subject to the Major Crimes Act, 18 U.S.C. § 1153, which grants the federal government exclusive jurisdiction for major felony crimes committed by "any Indian who commits" certain offenses "against the person or property of another Indian or any other person" in "Indian country."[42] However most recently, the United States Supreme Court held that "Indian country within a State's territory is part of a State, not separate from a State. Therefore, a State has jurisdiction to prosecute crimes committed in Indian country unless state jurisdiction is preempted."[43] The Court notes that Mr. Urovak's alleged offense took place in Willow, Alaska.[44] Mr. Urovak does not allege that he committed his alleged offense on tribal lands where jurisdiction is preempted, nor against another

---

his criminal offense).

[40] Docket 1-1 at 1–3.

[41] *McGirt v. Okla.*, 140 S. Ct. 2452, 2459–60 (2020).

[42] 18 U.S.C. § 1151(a).

[43] *Oklahoma v. Castro-Huerta*, 142 S. Ct. 2486, 2504 (2022).

[44] *State v. Urovak*, Case No. 3PA-21-00494CR, Party Charge Information.

Case No. 3:22-cv-00184-SLG, *Urovak v. Houser*
Order of Dismissal
Page 8 of 10
Case 3:22-cv-00184-SLG   Document 5   Filed 10/04/22   Page 8 of 10

tribal member or Alaskan Native.[45]  Further, Mr. Urovak does not raise any legal grounds that would grant either exclusive tribal or federal jurisdiction as to his alleged crimes.[46]

Lastly, to the extent that Mr. Urovak raises disagreements with his state court-appointed counsel and systemic racism or discrimination within the state court system, these allegations lie outside the bounds of habeas jurisdiction.  A federal court lacks jurisdiction over claims of constitutional violations that are not within the "core of habeas corpus."[47]  The core of habeas corpus is relief that "terminates custody, accelerates the future date of release from custody, [or] reduces the level of custody."[48]  His disagreements with counsel may be raised within Mr. Urovak's state court proceeding or with the Alaska Bar Association. Challenges regarding discrimination are likely best presented as a civil rights action.  Neither of these allegations are within the core of habeas corpus as they do not seek relief that could terminate Mr. Urovak's custody.

Mr. Urovak's petition presents no other grounds that might justify an exception to *Younger* abstention, or another avenue to habeas relief.  Therefore, the Court must abstain from exercising jurisdiction over his petition.

---

[45] *See generally* Docket 1.

[46] *See* Docket 1.

[47] *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc).

[48] *Id.* at 929–30 (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring)).

Case No. 3:22-cv-00184-SLG, *Urovak v. Houser*
Order of Dismissal
Page 9 of 10

## CONCLUSION

In summary, Mr. Urovak's petition satisfies the requirements for applying *Younger* abstention. Because Mr. Urovak has not alleged or established bad faith, harassment, or other extraordinary circumstances that might justify an exception to abstention, the Court must abstain from exercising jurisdiction over his current petition. Mr. Urovak has therefore not presented viable grounds for a habeas petition under 28 U.S.C. § 2241, and his petition must be dismissed.

**IT IS THEREFORE ORDERED:**

1. The Petition at Docket 1 is **DISMISSED**.

2. All pending motions are **DENIED as moot**.

3. The Clerk of Court is directed to enter a Final Judgment in this case.

4. A Certificate of Appealability shall not issue.[49]

DATED this 4th day of October, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[49] 28 U.S.C. §§ 2255(d), 2253(c)(2). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).

Case No. 3:22-cv-00184-SLG, *Urovak v. Houser*
Order of Dismissal
Page 10 of 10
Case 3:22-cv-00184-SLG   Document 5   Filed 10/04/22   Page 10 of 10